UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| 1ST SOURCE BANK, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 1:09-CV-36 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| BEST-ONE TIRE OF CROSSVILLE, ) | |
| INC., NICHOLAS R. PROFFITT, and JOHN ) | |
| DOE I–IV, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is Plaintiff 1st Source Bank's motion for partial summary judgment (Court File No. 15). Defendants did not respond and have therefore waived their opposition. *See* E.D.TN. LR 7.1(a). Furthermore, because the evidence shows Plaintiff is entitled to judgment in its favor and Defendants effectively concede liability, the Court will **GRANT** Plaintiff's motion for partial summary judgment.

### I. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l*

*Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). Finally, "[w]here the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *AT&T Corp. v. L & M Music, Inc.*, 2008 U.S. Dist. LEXIS 72992, at *7 (E.D. Tenn. Sept. 24, 2008).

## II. DISCUSSION

According to Plaintiff's Verified Complaint, Plaintiff made a series of loans to Volunteer Trucking, Inc. ("VTI"), which were secured by VTI's grant of a lien and security interest to Plaintiff in certain semi-trucks and trailers VTI owned. (Verified Compl. (Court File No. 1) ¶ 9.) VTI later defaulted on those loans. (*Id.* ¶ 11.) Plaintiff alleged that on or about January 24, 2009, in an attempt to collect an unsecured debt VTI owed them, Defendants took 186 tires, rims, and a related amount of lug nuts (collectively the "Collateral") from trucks on VTI's property, despite knowing that Plaintiff had a perfected priority security interest in the Collateral. (*Id.* ¶¶ 14–20.) As part of the Verified Complaint, Plaintiff requested a temporary restraining order to prevent Defendants from alienating the Collateral and to require Defendants to safely store the Collateral. At a hearing on

2

the temporary restraining order on February 20, 2009, before United States District Judge Harry S. Mattice, the parties agreed they would seek a voluntary agreement concerning the Collateral's disposition, and Plaintiff's counsel withdrew the request for the temporary restraining order. (Hr'g Tr. (Court File No. 11) 40–41.) At the filing of the instant motion, Defendants had not returned the Collateral.

Plaintiff now moves for partial summary judgment, contending it has met the requirements for a perfected priority security interest in the Collateral. Though Plaintiff's motion does not specify the relief it seeks, the Court construes the motion as requesting a declaration that Plaintiff holds first priority rights in the Collateral. Defendants did not respond to the motion, and the response deadline has long passed.

A security interest attaches, becoming enforceable against the debtor, when (1) value has been given, (2) the debtor has rights in the collateral, and (3) the debtor has authenticated a security agreement providing a description of the collateral. Tenn. Code Ann. § 47-9-203. Here, VTI executed a series of Installment Notes and Security Agreements granting Plaintiff a security interest in VTI's trucks and all "present and future attachments, accessories, parts, repairs, additions, accessions, substitutions, exchanges, replacements and all returned and repossessed goods." (Court File No. 15 Ex. B ¶ 2.) Plaintiff gave value for the collateral in the loans it extended to VTI; VIT had ownership rights in the trucks (to which the Collateral was affixed) because it held their certificates of title (*id.* Ex. C), and Plaintiff authenticated the security agreements that provided the description of collateral. The description of the collateral is sufficient under Tennessee law. Tenn. Code Ann. § 47-9-103. Hence, Plaintiff's security interest in the Collateral attached.

Security interests in motor vehicles in Tennessee, such as semi-truck tractors and trailers,

3

are perfected by a notation of lien on the vehicle's certificate of title, without the need to file a separate financing statement. Tenn. Code Ann. §§ 47-9-311, 55-3-123. Here, the vehicles' certificates of title bore the proper notation (Court File No. 15 Ex. C), such that Plaintiff perfected its lien vis-à-vis other potential claimants.

When there is competition for collateral between perfected security interests, the principle of priority determines which party has first rights in the collateral. "A security interest in an accession is subordinate to a security interest in the whole which is perfected by compliance with the requirements of a certificate-of-title statute under § 47-9-311(b)." Tenn. Code Ann. § 47-9-335(d). Here, the elements of the Collateral constitute accessions because they are "goods that are physically united with other goods in such a manner that the identity of the original good is not lost." *Id.* § 47-9-102(a)(1); *see also id.* § 47-9-335 cmt. n.2. When Plaintiff perfected its interest in the trucks and their affixed Collateral via the certificate of title notations, it gained a priority interest in the Collateral over any party (including, for the sake of argument, Defendants) who may have had a perfected interest in the accessions alone. As Plaintiff points out, its situation is almost exactly identical to the example provided in the official comments to § 47-9-335. "If the security interest in the automobile attaches to the tires, then [the first secured party] acquires priority over [the second secured party]." *Id.* § 47-9-335 cmt. ex.4. Since, as established above, Plaintiff held an attached security interest in the tires, wheels, and lug nuts, the notation on the vehicles' certificates of title established Plaintiff's first priority in the collateral over any claims to the Collateral Defendants might assert (assuming they held a perfected interest).

Therefore, Plaintiff held a an attached, perfected security interest in the Collateral at issue, and had priority in that Collateral against all potential claimants.

4

Case 1:09-cv-00036-CLC-SKL   Document 22   Filed 07/20/09   Page 4 of 5   PageID #: 354

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for partial summary judgment (Court File No. 15) and will **DECLARE** Plaintiff to have first priority in the Collateral at issue.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**