UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| 1ST SOURCE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-CV-36 |
| v. | ) | *Collier / Lee* |
| | ) | |
| BEST-ONE TIRE OF CROSSVILLE, INC., | ) | |
| NICHOLAS R. PROFFITT, and | ) | |
| JOHN DOE I-IV, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Defendants' motion to compel Plaintiff to respond to interrogatories and requests for production of documents [Doc. 24]. Plaintiff objects to the motion on the ground that the discovery requests were not timely [Doc. 26]. The Court's scheduling order provides "[a]ll discovery . . . shall be completed by **November 20, 2009**." [Doc. 14].

The parties disagree, as an initial matter, whether the requests were served by hand delivery to the office of Plaintiff's counsel on November 20, 2009, or arrived on November 23, 2009. The parties' factual dispute does not change the outcome, however, because even assuming Defendants' discovery requests were served by hand delivery on November 20, 2009, the day that discovery was to be completed, Plaintiff's responses would not have been due until a month after the deadline. *See* Fed. R. Civ. P. 33(b)(2) (30 days to answer interrogatories). Discovery requests that cannot be *completed* before the discovery deadline in the scheduling order are untimely unless the party seeking discovery moves the court, with good cause, to extend that deadline. *See Ginett v. Fed.*

*Express Corp.*, 166 F.3d 1213, 1998 WL 777998, at *4 (6th Cir. 1998) (Table) (discovery requests propounded less than 30 days before deadline for completion of discovery were untimely); *Curry v. SBC Communications, Inc.*, 2009 WL 728545, at *2 (E.D. Mich. 2009) (same).

In addition, Defendants did not file his motion to compel until January 8, 2010, well after the date that discovery was to be completed. *See Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, 2001 WL 1910058 (W.D. Tenn. 2001) (denying as untimely a motion to compel filed one day after the discovery deadline). Defendants have not moved the Court to modify the discovery completion deadline for good cause under Fed. R. Civ. P. 16 (b)(4).

Accordingly, Defendants' motion to compel [Doc. 24] is **DENIED**.

SO ORDERED.

ENTER:

                                                s/*Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE